*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

## STATE OF MINNESOTA
## IN COURT OF APPEALS
## A14-2092

Ahmed Ghanim,
Relator,

vs.

FedEx Kinko's Office and Print Services, Inc.,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed May 26, 2015**
**Affirmed**
**Reilly, Judge**

Department of Employment and Economic Development
File No. 32906446-3

Ahmed Ghanim, Minneapolis, Minnesota (pro se relator)

FedEx Kinko's Office and Print Services, c/o TALX UCM Services Inc., St. Louis, Missouri (respondent)

Lee B. Nelson, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent Department of Employment and Economic Development)

Considered and decided by Reilly, Presiding Judge; Ross, Judge; and Kirk, Judge.

UNPUBLISHED OPINION

**REILLY**, Judge

Relator challenges the unemployment-law judge's (ULJ) determination that he is ineligible to receive unemployment benefits because he quit his employment without a good reason caused by his employer. We affirm.

## FACTS

Relator Ahmed Ghanim worked at respondent FedEx Kinko's Office and Print Services, Inc. (FedEx) as center consultant until he quit due to stressful working conditions and health concerns. Relator worked approximately 38 hours per week. As part of his employment, relator was required to lift packages over 50 pounds and to stand on his feet for eight hours at a time. On September 20, 2014, relator quit his employment because he started having pain in his back and hands. In addition, his job required him to multi-task, which caused him "extreme headaches."

Relator applied for unemployment benefits with the Minnesota Department of Employment and Economic Development (DEED). DEED determined that relator was ineligible for unemployment benefits. After an administrative appeal, a ULJ held an evidentiary hearing. Relator represented himself, and no one appeared on behalf of FedEx. The ULJ determined that relator did not have good reason to quit caused by the employer and that he did not quit out of medical necessity. The ULJ found that relator quit specifically because "the job became too difficult for him." The ULJ also found that relator did not notify his employer of his health issues prior to quitting. Relator moved

2

for reconsideration. The ULJ denied the request for reconsideration and affirmed his prior ruling.

Relator appeals.

**D E C I S I O N**

Relator appeals from the ULJ's decision that he is ineligible for unemployment benefits because he quit his employment with FedEx. This court reviews a ULJ's decision to deny unemployment benefits to determine whether the findings, inferences, conclusions, or decision are in violation of constitutional provisions, in excess of statutory authority, made upon unlawful procedure, affected by an error of law, unsupported by substantial evidence, or arbitrary and capricious. Minn. Stat. § 268.105, subd. 7(d) (2014). The ULJ's factual findings are viewed in the light most favorable to the decision being reviewed, and this court defers to the ULJ's credibility determinations. *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 344 (Minn. App. 2006). Whether the ULJ's findings establish that the applicant falls within a statutory exception to ineligibility presents a question of law, which we review de novo. *See, e.g.*, *Nichols v. Reliant Eng'g & Mfg., Inc.*, 720 N.W.2d 590, 594-95 (Minn. App. 2006); *Madsen v. Adam Corp.*, 647 N.W.2d 35, 38-39 (Minn. App. 2002) (reviewing application of the medical-necessity exception de novo).

The purpose of the Minnesota Unemployment Insurance Law is to assist those who are "unemployed through no fault of their own." Minn. Stat. § 268.03, subd. 1 (2014). The law is "remedial in nature and must be applied in favor of awarding unemployment benefits," and any provision precluding receipt of benefits must be

3

narrowly construed. Minn. Stat. § 268.031, subd. 2 (2014). There is no burden of proof in unemployment-insurance proceedings, Minn. Stat. § 268.069, subd. 2 (2014), nor is there equitable denial or allowance of benefits. Minn. Stat. § 268.069, subd. 3 (2014).

An employee who quits employment is generally ineligible for unemployment benefits. Minn. Stat. § 268.095, subd. 1 (2014). "A quit from employment occurs when the decision to end the employment was, at the time the employment ended, the employee's." *Id.*, subd. 2(a). It is undisputed that relator quit his employment. An employee who quits employment, however, is eligible for benefits if the employee quits because of one of the exceptions listed in Minn. Stat. § 268.095, subd. 1.

Relator challenges the ULJ's conclusion that none of the exceptions in Minn. Stat. § 268.095, subd. 1, apply to his case. One exception found in Minn. Stat. § 268.095 is when a "serious illness or injury made it medically necessary that the applicant quit," provided that (1) the applicant informs the employer about the medical problem, (2) the applicant requests an accommodation, and (3) no reasonable accommodation is made available. Minn. Stat. § 268.095, subd. 1(7).

Relator claims that he quit because he was unable to complete the job requirements due primarily to back pain. But relator did not inform FedEx of his back issues prior to quitting, and the ULJ found that relator "never went to see a doctor, never notified the employer of his issues, and did not request an accommodation prior to quitting." Minnesota Statutes section 268.095, subdivision 1(7), is clear that a request for an accommodation is a prerequisite to the application of the medical-necessity exception.

4

Because relator did not inform FedEx of his medical issues and did not submit a request to his employer for an accommodation, relator did not meet all of the requirements for the medical-necessity exception. The ULJ did not err in refusing to apply the medical-necessity exception to relator's situation. Accordingly, the record substantially supports the ULJ's decision that relator quit his employment without a good reason caused by his employer and is ineligible for unemployment benefits.

**Affirmed.**